IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE BITTINGER,** | : | No. 1:14-cv-1560 |
| **Plaintiff** | : | |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **JEH JOHNSON, et al.,** | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM**

Before the Court is the Defendants'[1] motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 11.) For the reasons that follow, the Court will grant Defendants' motion, dismiss Plaintiff's complaint, and close the case.

**I.   BACKGROUND**

Plaintiff George Bittinger resides in Dallastown, Pennsylvania. (Doc. No. 1 ¶ 14.) From September 20, 2011, through October 15, 2011, he traveled to the Philippines, where he met Elvie Besto, a 34-year old citizen of the Philippines with no children. (Id. ¶ 15-16.) After falling in love, Plaintiff proposed marriage, and Ms. Besto accepted. (Id.) Seeking to bring Ms. Besto to the United States to get married, on January 31, 2012, Plaintiff filed a Form I-129F Petition for Alien Fiancé(e) with the United States Citizenship and Immigration Services (USCIS). (Id. ¶¶ 16-17.) On May 1, 2013, Plaintiff's petition was denied. (Id. ¶ 18.) Plaintiff

---

[1] Named as Defendants are (1) Jeh Carles Johnson, Secretary of the Department of Homeland Security; (2) Leon Rodriguez, Director of the USCIS; (3) Laura Zuchowski, Director of the USCIS Vermont Service Center; and, (4) Tony Bryson, District Director of the Philadelphia Office of the USCIS. (Doc. No. 1 ¶¶ 10-13.)

1

alleges that this denial has permanently barred Ms. Besto from traveling to the United States aa Plaintiff's fiancee and barred their marriage here.  (Id.)

The denial was apparently based on provisions of the Adam Walsh Child Protection and Safety Act of 2006 (id. ¶¶ 21-33), which set forth that no immigration petition shall be approved if the citizen petitioner "has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien."  See 8 U.S.C. § 1154(a)(1)(A)(viii).  It seems that on November 28, 2006, Plaintiff, then 46 years old, pled nolo contendere in York County to indecent assault without consent and corruption of a minor, arising out of alleged inappropriate touching of a sixteen year old girl.  (Id. ¶ 24.)  Plaintiff received a sentence of 24 months probation, with a special condition of rehabilitative treatment.  (Id. ¶ 25.)  He fulfilled his criminal punishment without incident.  (Id. ¶¶ 26-27.)

Although Plaintiff underwent testing and psychological evaluation to support his position that he was "no risk" prior to filing his I-129F Petition (id. ¶¶ 29-30), the USCIS found Plaintiff's evidence insufficient to demonstrate that he posed "no risk" to Ms. Besto.  (Id. ¶ 31-33.)  On May 1, 2013, Plaintiff appealed the denial of his petition.  (Id. ¶ 34.)  The USCIS Administrative Appeals Office reviewed his petition de novo, but also found that he had not established that he posed "no risk" to Ms. Besto.  (Id. ¶ 35.)

On August 8, 2014, Plaintiff filed his complaint in this Court.  (Id.)  Plaintiff's complaint brings seven different counts, alleging violations of his constitutional rights as well as violations of the Administrative Procedures Act and international law.  (Id.)  In relevant part, Plaintiff alleges that the Defendants' actions in denying his petition are arbitrary, capricious, an abuse of

discretion, and contrary to established law. (Id.) On November 25, 2014, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 11.) Defendants argue that this Court is precluded from reviewing the USCIS' finding that Plaintiff failed to show that he posed "no risk" to his foreign national beneficiary. (Doc. Nos. 11, 12); see 5 U.S.C. § 701(a)(1) and 8 U.S.C. § 1252(a)(2)(B)(ii). Following an extension of time, Plaintiff filed a brief in opposition on January 7, 2015. The motion is fully briefed and ripe for disposition.

## II.     LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent

dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III.   DISCUSSION

In moving to dismiss for lack of subject matter jurisdiction,       Defendant argues that the Court does not have subject matter jurisdiction over Plaintiff's complaint because review of the agency's decision to deny his petition is precluded by statute. (Doc. Nos. 11, 12); see 5 U.S.C. § 701(a)(1) and 8 U.S.C. § 1252(a)(2)(B)(ii). Plaintiff does not dispute that the above-cited statutes generally preclude review, but argues that his complaint concerns an interpretation of law by the agency, rather than a discretionary decision. (Doc. No. 10 at 9.) Plaintiff asserts that the Court's decision is therefore guided by Chevron deference, which he asserts the Court must apply to the agency's interpretation of Section 1154(a)(1)(A)(viii) – an interpretation that Plaintiff alleges is unreasonable. (Id. at 10-12) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 840, (1984)).

The Court agrees with Defendant that there is no basis for the Court's jurisdiction over Plaintiff's challenge to the USCIS' decision to deny his I-129F petition. The Administrative

Procedure Act (APA) "grants a right of judicial review of an agency action to '[a] person suffering legal wrong because of any agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" Hindes v. F.D.I.C., 137 F.3d 148, 161 (3d Cir. 1998) (quoting 5 U.S.C. § 702).  However, the APA withdraws the right of review to the extent that (1) statutes preclude judicial review or (2) agency action is committed to agency discretion by law.  See id.; 5 U.S.C. § 701(a)(1)-(2).  Here, review is precluded by statute because of 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that no court has jurisdiction to review:

> any ... decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a).

8 U.S.C. § 1252(a)(2)(B)(ii).  The United States Court of Appeals for the Third Circuit has stated that "key to [Section] 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be specified by statute, and that whether such a specification has been made is determined by examining the statute as a whole." Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 200 (3d Cir. 2006) (internal quotations omitted).  Here, the statute at issue unambiguously places the determination of whether a citizen poses "no risk" to the alien in the "sole and unreviewable discretion" of the Secretary of Homeland Security.  See 8 U.S.C. § 1154(a)(1)(A)(viii).  Accordingly, the Court has no jurisdiction under the APA.

Plaintiff makes it clear that he does not dispute that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes review of decisions delegated to, as here, an agency's "sole and unreviewable discretion." (Doc. No. 15 at 9.)  However, he agues that his case is distinct because it concerns a wrongful interpretation and application of law by the agency, rather than a discretionary determination.  (See id.)  In particular, he takes issue with application of the Adam Walsh Act to

5

adult alien beneficiaries like Ms. Besto, rather than to alien children.  (Id.)  The Court finds this distinction without merit, and Plaintiff points to no authority that permits this Court to re-interpret USCIS' application of the statute to him.  This is consistent with other district courts that have addressed the precise question.  See, e.g., Beeman v. Napolitano, No. 10-803, 2011 WL 1897931, at *3 (D. Or. May 17, 2011) (finding that the district court did not have jurisdiction over the plaintiff's claims "that the USCIS acted arbitrarily and capriciously in denying his [I-129F] petition, and that the USCIS interpretation of the Adam Walsh Act to apply to adult beneficiaries exceeds its statutory authority and violates his rights to due process and equal protection under the Fifth Amendment").  Because the Court does not have jurisdiction to consider Plaintiff's complaint, the Court agrees with Defendants that "the substance of the agency's decision is not within the ambit of judicial review" and the Court does not need to consider the question of Chevron deference.  (Doc. No. 17 at 4); see Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 840 (1984).

The court also rejects Plaintiff's contention that beyond the APA, the Court can alternatively exercise jurisdiction because the complaint alleges that the agency's interpretation of the statute and the denial of his petition violated his constitutional rights.  Allegations that the denial of his petition violated his constitutional rights do not provide this Court subject matter jurisdiction in light of the clear statutory bar.  See Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 206 (3d Cir. 2006) (applying Section 1252(a)(2)(B) and finding that the district court "correctly dismissed Appellants' constitutional claims for lack of jurisdiction because evaluating these constitutional claims requires us to revisit and review the Attorney General's exercise of discretion").

Reinforcing the Court's finding is that despite Plaintiff's contention that this Court has jurisdiction because his complaint concerns constitutional questions and questions of law, there is an explicit exception to the statutory bar that permits review of such questions.[2] See 8 U.S.C. § 1252(a)(2)(D). However, the exception is narrow and only applies to petitions for review of removal orders and, further, confers jurisdiction only to courts of appeals, not district courts. See Hanif v. Attorney Gen. Of U.S., 694 F.3d 479, 482-83 (3d Cir. 2012); U.S. ex rel. Vaso v. Chertoff, 369 F. App'x 395, 400 (3d Cir. 2010). Accordingly, because the Court does not have subject matter jurisdiction over the claims in Plaintiff's complaint, it will dismiss his complaint with prejudice.[3] See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002) (noting that district courts should deny leave to amend a complaint where amendment would be futile). An order consistent with this memorandum follows.

---

[2] Specifically, 8 U.S.C. § 1252(a)(2)(D) provides that nothing in "subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

[3] Lastly, Plaintiff briefly suggests that this Court alternatively has jurisdiction to "apply and review actions by a U.S. Government agency that violates the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights, which the United States has ratified." (Doc. No. 15 at 13.) However, he cites no case law – and the Court finds none – that supports the Court's exercise of jurisdiction for these purposes under these circumstances. The Court will therefore reject this argument as well.